NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CHRISTOPHER JOHN ADAMS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE NEW JERSEY JUDICIARY-ADMINISTRATIVE OFFICE OF THE COURTS, *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 25-18103 (GC) (JBD)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon pro se Plaintiff Christopher John Adams' Complaint and Application to Proceed *In Forma Pauperis* (IFP) against the New Jersey Judiciary-Administrative Office of the Courts, Monmouth Vicinage 9,[1] Monmouth County Surrogate's Office, and John/Jane Does Court Administrators in their official capacities. (ECF Nos. 1, 1-1.)  For the reasons set forth below, and other good cause shown, Plaintiff's Complaint is **DISMISSED**.

I.　　**BACKGROUND**

Plaintiff filed a Complaint, (ECF No. 1), along with an IFP application, (ECF No. 1-1), on December 2, 2025.  Plaintiff's original IFP application was incomplete, as it left information blank, and the Court directed Plaintiff to resubmit an IFP application curing these deficiencies or pay the filing fee to pursue this matter. (ECF No. 3.)  Plaintiff submitted an amended IFP application on

---

[1]　　Plaintiff names "Monmouth Vicinage 9" as a Defendant.  The Court construes Plaintiff as asserting a claim against the Superior Court of New Jersey, Monmouth County.

January 9, 2026, (ECF No. 5-1), along with a Motion to Accept Late Filing Due to Postal Delay, (ECF No. 5).  The Court granted Plaintiff's Motion and accepted his amended IFP application, which the Court now considers.  (ECF No. 6.)[2]

Plaintiff alleges that Defendants denied his access to the probate court system in violation of 42 U.S.C. § 12131 *et seq.*, the Americans with Disabilities Act, (ADA), and 42 U.S.C. § 1983, specifically violating his First Amendment right to petition the government and access the courts and Fourteenth Amendment due process rights under the United States Constitution. (ECF No. 1 at 1.)  Plaintiff contends that Defendants' actions, and lack thereof, deprived him of "the ability to file pleadings, obtain guidance, or access judicial review due to repeated rejections, lost filings, shifting requirements, and total failure to provide ADA accommodations." (*Id.*)  Plaintiff contends that he "is a contingent beneficiary of one or more trusts involving substantial assets and must file probate pleadings to protect his property and beneficial interests." (*Id.* ¶ 8.)  Plaintiff asserts that he attempted to file verified complaints and probate pleadings with the Monmouth County Surrogate's Office for more than five months, all of which were repeatedly rejected, including two that Plaintiff claims were lost by the Office, rendering Plaintiff unable to resubmit or revise those filings. (*Id.* ¶¶ 9-11.)  Plaintiff further alleges that he "received no consistent or meaningful procedural guidance from the Surrogate's Office or from any designated Ombudsman, despite multiple attempts to seek clarification and assistance" and his emails seeking such guidance went unanswered. (*Id.* ¶¶ 13-14.)

Plaintiff asserts that he made Defendants aware of his mental health disability, but they "at no time provided Plaintiff with information about the ADA grievance process, any formal ADA

---

[2]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

coordinator, or any method to request reasonable accommodations, despite being on notice of Plaintiff's disability and difficulties accessing the system." (*Id.* ¶¶ 15-16.)  Plaintiff states that Defendants' conduct has effectively barred him from meaningfully accessing the courts and, as a result, he "faces continuing risks of dissipation, concealment, or mismanagement of trust and estate assets." (*Id.* ¶¶ 20-21.) [3]

Plaintiff seeks declaratory relief defining Defendants' actions and omissions as violations of Title II of the ADA and declaring that Defendants' conduct violated Plaintiff's rights to access the courts and to due process, and injunctive relief requiring Defendants to "[p]rovide Plaintiff with meaningful access to the probate court system," implement clear procedures for ADA accommodations for *pro se* litigants, educate and train Defendants' personnel on ADA compliance, and "[a]ccept and process Plaintiff's properly submitted probate filings without discriminatory obstruction." (ECF No. 1 at 5-6.) [4]

## II.    <u>LEGAL STANDARD</u>

### A.    *In Forma Pauperis*

To avoid paying the filing fee for a civil case in this district, a litigant may apply to proceed IFP.  In considering applications to proceed IFP, the Court engages in a two-step analysis. *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). *Id.*  Under section 1915(a), a plaintiff's application must "state the facts concerning his

---

[3]    Plaintiff contends that venue is proper pursuant to 28 U.S.C. § 1391(b), as "the events giving rise to this action occurred in Monmouth County, New Jersey." (ECF No. 1 ¶ 2.)

[4]    Plaintiff asserts that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as "the claims arise under federal question law, including Title II of the Americans with Disabilities Act, 42 U.S.C § 12131 *et seq.*" (ECF No. 1 ¶ 1.)

or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty. Cmty. Coll.*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011) (citing *United States ex rel. Roberts v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. 1969)).

Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e). *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *Green v. Izod Corp. Off. & Head-Quarters*, Civ. No. 22-06380, 2024 WL 1809859, at *2 (D.N.J. Apr. 25, 2024) (citing *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)) ("To guard against potential 'abuse' of 'cost-free access to the federal courts,' 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards."). "[A] court may dismiss an *in forma pauperis* claim as frivolous if, after considering the contending equities, the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial." *Deutsch*, 67 F.3d at 1082. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure [('Rule')] 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

**B.      Rule 12(b)(6) – Failure to State a Claim**

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "[T]here are limits to our procedural flexibility . . . [a]t the end of the day, [*pro se* litigants] cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* To survive a screening, a complaint must allege "sufficient factual matter" showing

4

that the claims alleged are facially plausible.  *See D'Allessandro v. United States*, Civ No. 21-5009, 2024 WL 1928374, at *1 (D.N.J. Apr. 30, 2024) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted).  "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### C.    Rule 8 – Pleading Requirements

Rule 8 sets forth general rules of pleading requirements and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(1), (a)(2), (d)(1).  The allegations in the complaint must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8."  *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).  Even pro se litigants must "comply with the basic pleading requirements of Rule 8(a)."  *Purisima v. City of Philadelphia*, 738 F. App'x 106, 107 (3d Cir. 2018).

### III.    <u>DISCUSSION</u>

The Court exercises its discretion to review the merits of Plaintiff's Complaint before it decides the IFP application.  *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) ("[A] court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."); *see also Schwager v. Norristown State Hosp.*, Civ. No. 23-3866, 2023 WL 8458236, at *2-3 (E.D. Pa. Dec. 5, 2023) (screening the complaint

before addressing the IFP application). The Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### A.    Count I: Violation of Title II of the ADA

Plaintiff's claim under Title II of the ADA must be dismissed as Plaintiff fails to allege sufficient facts for this Court to infer that the alleged actions of Defendants were as a result of Plaintiff's alleged disability.

Under Title II of the ADA, in order to plead a valid claim, Plaintiff "must demonstrate: (1) he is a qualified individual; (2) with a disability; (3) [who] was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability." *Haberle v. Troxell*, 885 F.3d 170, 178 (3d Cir. 2018).  Causation is a core element of ADA liability, and a plaintiff must plausibly allege that the defendant's conduct occurred because of the plaintiff's disability. *Kerr v. County of Allegheny*, Civ. No. 25-1775, 2026 WL 1068204, at *3 (3d Cir. Apr. 20, 2026) (affirming dismissal of complaint where plaintiff only "asserts perfunctorily that the [d]efendants discriminated against her on the basis of her disability but fails to allege any facts from which such a conclusion can reasonably be inferred").  Furthermore, when applying the Rule 8 pleading requirements, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Stevens v. N.J. Motor Vehicle Comm'n*, Civ. No. 24-06289, 2024 WL 3329130, at *2 (D.N.J. July 8, 2024) (quoting *Iqbal*, 566 U.S. at 678).

Here, Plaintiff's ADA claim stems from Defendants' alleged lack of response to Plaintiff's unspecified requests and Defendants' rejection of Plaintiff's filings, as well as a lack of specific accommodations for Plaintiff's mental-health disability.[5]  (ECF No. 1 ¶¶ 10-28.)  General

---

[5]    Defendants are state actors, who are typically immune from suit under the Eleventh Amendment except in limited circumstances, including where Congress has abrogated the state's

references to mental disabilities and blanket statements regarding entitlement to protection fail to state a claim under Title II of the ADA. *Weiss v. Posner*, Civ. No. 24-9659, 2026 WL 674099, at *20 (D.N.J. Mar. 10, 2026) ("[The p]laintiff's vague references to having 'multiple documented mental disabilities' and assertions that he 'is entitled to protections under the ADA' do not meet the threshold to demonstrate that he is a qualified individual with a disability."); *see also Kennedy v. N.J. Ct. Sys.*, Civ. No. 24-2826, 2026 WL 323878, at *3 (3d Cir. Feb. 6, 2026) (dismissing an ADA claim where the plaintiff offered only conclusory, non-specific allegations regarding alleged denial of accommodations and no facts suggesting intentional discrimination based on her disability). While Plaintiff alleges that his filings were continuously rejected, Plaintiff fails to allege any facts that suggest those rejections were because of Plaintiff's alleged disability. Nor does Plaintiff allege any facts regarding the specific instances when Plaintiff requested ADA accommodations, and those requests were denied by Defendants. A court is not required to accept as true allegations that simply restate the elements of a cause of action and are "supported by mere conclusory statements." *Wagner on behalf of B.D. v. City of Newark*, Civ. No. 23-731, 2024 WL 2698588, at *2 (D.N.J. May 24, 2024) (quoting *Iqbal*, 556 U.S. at 678). When "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation modified).

---

immunity. *Scott v. Del. Dep't of Fam. Servs.*, 530 F. App'x 129, 130 (3d Cir. 2013). Title II of the ADA is one such statute where Congress has abrogated Eleventh Amendment immunity as it "creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment." 42 U.S.C. § 12202; *United States v. Georgia*, 546 U.S. 151, 159 (2006). In *United States v. Georgia*, the Supreme Court laid out a three-part test to determine whether "Congress validly abrogated sovereign immunity for a Title II claim" on a "claim-by-claim" basis. *Geness v. Admin. Off. of Pa. Cts.*, 974 F.3d 263, 270 (3d Cir. 2020). For purposes of screening Plaintiff's complaint only, the Court will presume that Eleventh Amendment immunity does not apply to Plaintiff's ADA claim.

7

Additionally, the Court may consider documents attached to the complaint. *Olexsak v. Jones*, Civ. No. 21-20026, 2022 WL 2980985, at *3 (D.N.J. July 28, 2022). Plaintiff has attached documents to his Complaint including letters from the Surrogate's Office and highlighted probate rules. (ECF No. 1-2.) These documents undermine Plaintiff's conclusory allegations. *United States, ex rel. Thomas v. Lockheed Martin Aeroparts, Inc.*, Civ. No. 13-183, 2016 WL 47882, at *10 (W.D. Pa. Jan. 4, 2016) (dismissing claim where "the exhibits attached to the complaint do not support, and even undermine, [the plaintiff's] conclusory allegations against [the d]efendant"). The letters from the Surrogate's Office call no attention to Plaintiff's disability, but rather specifically state that Plaintiff's pleadings were not filed due to a lack of compliance with court rules. (ECF No. 1-2 at 7, 9-10, 12.) The most recent letter from the Surrogate's Office, dated November 18, 2025, identifies specific amendments necessary for Plaintiff's filings to comply with the procedural guidelines. (*Id.* at 7.) Furthermore, in a letter dated August 26, 2025, the Surrogate's Office provided contact information for a Resource Center Ombudsman if any additional procedural guidance was needed. (*Id.* at 9-10.) While Plaintiff alleges that the Ombudsman was unhelpful, he does not provide any further details regarding this lack of assistance or specify how it is related to his alleged mental health disability pursuant to the ADA guidelines. (ECF No. 1 ¶ 13.)

Even assuming *arguendo* that Plaintiff meets the requirements of a qualified individual with a disability, Plaintiff has not sufficiently pled that he was discriminated against "by reason of" his disability to state a claim under Title II of the ADA. As such, this claim must be dismissed without prejudice.[6]

---

[6] The Court also notes that Plaintiff is engaging in impermissible "group pleading" by failing to specify which defendant is responsible for which act and generally alleging that "Defendants" violated the ADA. Plaintiff must specify which Defendant is responsible for which alleged acts

8

### B.   Counts II and III: 42 U.S.C. § 1983

Plaintiff brings two claims under 42 U.S.C. § 1983—one asserting a violation of his Fourteenth Amendment due process rights and another asserting his First Amendment right to meaningfully access the courts. Plaintiff seeks monetary, injunctive, and declaratory relief. These claims must be dismissed based on Eleventh Amendment immunity and failure to state a claim.

The Eleventh Amendment "afford[s] states and state agencies immunity from suits brought by citizens in federal court, regardless of whether legal or equitable relief is sought." *Bhimnathwala v. N.J. State Judiciary, Fam. Div.*, Civ. No. 19-21389, 2020 WL 7237947, at *7 (D.N.J. Dec. 9, 2020), *aff'd sub nom. Bhimnathwala v. Judiciary of State of N.J. Fam. Div.*, 858 F. App'x 558 (3d Cir. 2021). The Eleventh Amendment also provides individual state employees with immunity from suits seeking monetary relief when sued in their official capacity. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010). However, *Ex Parte Young* provides an exception to Eleventh Amendment immunity that permits claims for prospective injunctive and declaratory relief to proceed against state officials acting in their official capacities. 209 U.S. 123 (1908).[7]

Plaintiff alleges that Defendants violated his constitutional rights under the Fourteenth and First Amendments by repeatedly rejecting his filings, which denied him meaningful access to the courts, and they are therefore amenable to suit. (ECF No. 1 ¶¶ 29-35.) First, as to the state judiciary entities, the Superior Court of New Jersey, the Surrogate's Office, and the Administrative

---

or omissions to sufficiently state a claim under Rule 8. *See Watson v. Mercer County*, Civ. No. 23-23318, 2026 WL 562790, at *6 (D.N.J. Feb. 27, 2026).

[7]   There are two additional "narrowly circumscribed" exceptions to Eleventh Amendment immunity—congressional abrogation and state waiver—but there is no indication that either exception applies in this case. *Mitchell v. N.J. Lottery*, Civ. No. 04-896, 2006 WL 1344092, at *10 (D.N.J. May 15, 2006).

Office of the Courts all fall within the New Jersey judiciary and are immune under the Eleventh Amendment. *Dongon v. Banar*, Civ. No. 08-5331, 2009 WL 10695064, at *2 n.3 (D.N.J. July 22, 2009), *aff'd*, 363 F. App'x 153 (3d Cir. 2010) ("The Superior Court of New Jersey, its vicinages and the New Jersey Administrative Office of the Courts are part of the judicial branch of the State of New Jersey and are considered 'arms' of the state of New Jersey."); *Carroway v. New Jersey*, 202 F. App'x 564, 565 (3d Cir. 2006) (recognizing that county level courts are part of the state judiciary and share in the state's immunity). Therefore, Plaintiff's § 1983 claims against the New Jersey judiciary Defendants must be dismissed with prejudice.

While Plaintiff does not plead much detail regarding the John/Jane Doe Court Administrators, the Court understands Plaintiff's Complaint to refer to employees of the state judiciary, who are state employees acting in their official capacities. Although *Ex Parte Young* allows claims against state officials for injunctive and declaratory relief, Plaintiff's claims against these Defendants must be dismissed as Plaintiff fails to state a claim for relief.

To state a claim under 42 U.S.C. § 1983 for a civil rights violation, Plaintiff must allege that there was a deprivation of a right secured by the Constitution or a federal law, caused by a person acting under color of state law. *Bhimnathwala*, 2020 WL 7237947, at *11. The basis of Plaintiff's § 1983 claims are that these individuals repeatedly denied his probate filings, which violated his Fourteenth and First Amendment rights. (*See* ECF No. 1.) The correspondence attached to the Complaint confirms that the filings were rejected, but each rejection included a notice identifying the deficiencies and explaining that the submissions did not comply with the applicable filing requirements. (ECF No. 1-2 at 7.) Plaintiff received three such notices in 2025. (ECF No. 1-2 at 7-14.) New Jersey Court Rule 1:5-6 authorizes clerks to reject any electronic filing that does not comply with the Administrative Office of the Courts' filing requirements, and

10

to provide electronic notice of the rejection to the filer.  N.J. Ct. R. 1:5-6.  Furthermore, the Third Circuit has explained that a court does not infringe on a litigant's right to access the courts by enforcing its procedural rules.  *Manu v. Nat'l City Bank of Ind.*, 471 F. App'x 101, 106 n.4 (3d Cir. 2012).  Further, "there is no due process violation in requiring compliance with the court's procedural rules."  *Sanders v. Downs*, Civ. No. 08-1560, 2010 WL 817475 (M.D. Pa. Mar. 9, 2010), *aff'd in part, vacated in part on other grounds*, 420 F. App'x 175 (3d Cir. 2011); *see also Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982) ("The State may erect reasonable procedural requirements for triggering the right to an adjudication. . . .  And the State certainly accords *due* process when it terminates a claim for failure to comply with a reasonable procedural or evidentiary rule.") (emphasis in original); *Thomas v. Arn*, 474 U.S. 140, 155 (1985) (holding due process rights were not violated where petitioner's right to appeal "was not denied, however; it was merely conditioned upon the filing of a piece of paper. Petitioner was notified in unambiguous terms of the consequences of a failure to file, and deliberately failed to file nevertheless").  Here, the apparent bases for the rejections of Plaintiff's filings were his failures to follow the court's procedural rules.  (ECF No. 1-2 at 7-14.)  Because the rejections stemmed from Plaintiff's repeated noncompliance, he has failed to state a claim for a violation of his constitutional rights.  As such, Plaintiff's claims for injunctive and declaratory relief against the John/Jane Doe Court Administrators are dismissed without prejudice.

## IV.    CONCLUSION AND ORDER

For the reasons set forth above, and other good cause shown,

**IT IS** on this 16th day of July, 2026 **ORDERED** as follows:

1. Plaintiff's claim for injunctive and declaratory relief under Title II of the ADA (Count One) against all Defendants is **DISMISSED** without prejudice.

11

2. Plaintiff's claims for injunctive and declaratory relief under 42 U.S.C. § 1983 (Count Two and Three) against the New Jersey Administrative Office of the Court, the New Jersey Superior Court, Monmouth County, and the Monmouth County Surrogate's Office are **DISMISSED** with prejudice.

3. Plaintiff's claims for injunctive and declaratory relief under 42 U.S.C. § 1983 (Count Two and Three) against John/Jane Doe Court Administrators acting in their official capacities are **DISMISSED** without prejudice.

4. The Clerk's Office is directed to mail Plaintiff a copy of this Memorandum Order and **CLOSE** this case.

5. Plaintiff may have this case reopened if, within thirty (30) days of the date of the entry of this Memorandum Order, he files an amended complaint that cures the deficiencies set forth herein. Failure to file an amended complaint within that time will render the dismissal with prejudice or final. *See Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d Cir. 2016) ("When that 30-day period expired, the District Court's decision became final.").

Dated: July 16, 2026

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE